NOT FOR PUBLICATION                                                                                    CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT M. CONENELLO, DPM, individually and as Trustee-Owner of Orangetown Podiatry 401(K) Plan, and ORANGETOWN PODIATRY GROUP, | : | |
| Plaintiffs, | : | Civil Action No. 07-1585 (JAP) |
| v. | : | **OPINION** |
| LAFFERTY & PARTNERS LLC, JEFFREY SCOTT LAFFERTY and VINCELLA L. ROSS, | : | |
| Defendants. | : | |
| RENEE DEFALCO, guardian on behalf of MARC DEFALCO and SAMANTHA DEFALCO, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 07-2453 (JAP) |
| LAFFERTY & PARTNERS LLC, JEFFREY SCOTT LAFFERTY and VINCELLA L. ROSS, | : | **OPINION** |
| Defendants. | : | |

PISANO, District Judge.

Plaintiffs Dr. Robert M. Conenello, DPM, individually and as Trustee-Owner of Orangetown Podiatry 401(K) Plan, Orangetown Podiatry Group ("Dr. Conenello") and Renee DeFalco ("DeFalco") (together "Plaintiffs") brought suit against Defendants Lafferty & Partners LLC, Jeffrey Scott Lafferty ("Lafferty") and Vincella L. Ross ("Ross") (together "Defendants") alleging a number of claims arising out of Defendants misappropriation and conversion of

Plaintiffs' retirement funds. Currently before the Court is Ross's application for pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Court denies Ross's application for pro bono counsel.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and therefore declines to engage in a comprehensive summary of the facts. On April 4, 2007, Dr. Conenello filed a Complaint against Defendants alleging a number of claims, including fraud, conversion, breach of fiduciary duties, and violation of the Racketeer Influenced and Corrupt Organizations Statute, 18 U.S.C. §§ 1961-1968. DeFalco filed a similar Complaint on May 24, 2007. These claims arose out of Defendants' fraudulent misuse of funds entrusted to them for the purpose of funding Plaintiffs' retirement accounts. On April 5, 2007, the Court entered a Writ of Attachment which, *inter alia*, attached "the rights and credits, bank accounts, bank deposits, proceeds, notes, monies and effects of Defendants Lafferty & Partners LLC, Jeffrey Scott Lafferty and Vincella L. Ross found in the State of New Jersey to the sum or value of $305,551.08 . . . ."

After Defendants evaded service and failed to appear before this Court, the Court entered an order holding them in contempt and issued warrants for their arrest. Defendants were arrested on May 31, 2007. On both May 31, 2007 and June 1, 2007, Defendants appeared before the Court with their attorney, James R. Murphy, Esq. Mr. Murphy subsequently withdrew from the matter and Defendants consented to the entry of default judgment. Although the Court has already awarded default judgment in favor of Plaintiffs and closed the matter, the Court is

scheduled to hold a hearing on August 6, 2007, on Dr. Conenello's claim for treble damages. For that reason, the Court will consider Ross's application for pro bono counsel.

## II.  DISCUSSION

Although there is no constitutional guarantee to representation in civil cases, district courts have discretion to appoint counsel for indigent litigants in civil cases. *See* 28 U.S.C. § 1915(e)(1). In *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), the Third Circuit promulgated a list of factors for district courts to consider when deciding whether to appoint counsel. First, the Court must consider the merits of a litigant's claim or defense. If the claim or defense does have "some merit in fact or law," the Court proceeds to evaluate the following six factors:

> (1) the litigant's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery, and consequently the litigant's ability to investigate and cooperate with the rules of discovery; (4) the extent by which the case may develop on credibility determinations; (5) if expert testimony is necessary, and; (6) whether the litigant can afford to retain counsel on his or her own accord.

*Protameen Chemicals v. Chinchilla*, No. 05-3383, 2007 WL 174163, at *1 (D.N.J. Jan. 22, 2007).

Many of the above factors have limited applicability in this case because Ross has already admitted liability for the claims asserted against her and consented to entry of default judgment. The only remaining issue in this action is whether Plaintiffs are entitled to treble damages. Although there may be some complexity associated with this issue, there will be no factual discovery, no expert testimony, and the issue does not involve credibility determinations. The Court is satisfied, based on her submissions to this Court and her previous appearances before the Court, that Ross is educated, competent, and articulate. Thus, the Court has no concerns about

3

Ross's ability to represent herself.

The critical issue, in the Court's view, is whether Ross has the financial means to retain counsel. In her application for pro bono counsel, Ross indicates that she is unemployed and that the Writ of Attachment has caused a hardship. Notably, however, Ross has not provided any financial records to corroborate her claim that she cannot afford counsel. Therefore, the Court finds that Ross has not demonstrated the requisite financial hardship to warrant the appointment of pro bono counsel.

### III.  CONCLUSION

For the reasons expressed above, the Court denies Ross's application for the appointment for pro bono counsel. An appropriate order accompanies this opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  August 3, 2007